FILED'09 OCT 22 16:28 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DEAN PHILLIPS,                          Civ. No. 06-1840-AA

    Petitioner,                           OPINION AND ORDER

  v.

JEAN HILL,

    Respondent.
_____

Anthony D. Bornstein
Asst. Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
    Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
    Attorneys for Respondent

///

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel. Petitioner asserts that his trial counsel was deficient in failing to request a jury instruction on the lesser-included offense of theft, and that counsel's deficiency caused prejudice and rendered his trial unfair. Respondent maintains that petitioner's Sixth Amendment rights were not violated, and that the court should defer to the state court decision against petitioner. I agree and deny the petition.

## I. BACKGROUND

Petitioner was charged with four counts of Robbery in the First Degree, four counts of Robbery in the Second Degree, two counts of unlawful use of a weapon, one count of unauthorized use of a vehicle, and two drug charges. Resp. Ex. 102. The charges against petitioner arose from the armed robbery of a Texaco gas station cashier's booth on October 4, 1997.

At trial, petitioner and his co-defendant denied that they were involved in an armed robbery. Rather, petitioner testified that his co-defendant and a Texaco employee developed a plan to "fake" the robbery and split the proceeds, and that he agreed in the plan. Similarly, petitioner's co-defendant testified that he and a Texaco employee planned a "staged" robbery of the gas

2 - OPINION AND ORDER

station, and that petitioner later agreed to participate. Petitioner testified that he accompanied his masked co-defendant to the cashier's booth, but he denied possessing a gun or committing an armed robbery. On cross-examination, petitioner admitted that he had a prior conviction for first-degree robbery, and that he had lied to police when officers first questioned him about the Texaco robbery.

A unanimous jury convicted petitioner on all counts, and he was sentenced to 148 months imprisonment. On direct appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Exs. 105-07. Petitioner subsequently filed a petition for post-conviction relief (PCR) in state court, asserting claims of ineffective assistance of trial and appellate counsel, trial court error, and prosecutorial misconduct. Resp. Ex. 108. After conducting a hearing at which petitioner testified, the PCR court denied relief on all claims, finding that petitioner had not met his burden of establishing ineffective assistance of counsel. Resp. Ex. 125-26. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Exs. 130-31.

In this federal habeas proceeding, petitioner asserts only that trial counsel rendered ineffective assistance of counsel by failing to request a jury instruction on the lesser-included-offense of theft.

3 - OPINION AND ORDER

## II. DISCUSSION

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an objectively unreasonable manner. Id. at 407-08; Penry v. Johnson, 532 U.S. 782, 793 (2001) ("[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.").

Petitioner asserts that trial counsel rendered ineffective assistance by failing to request a jury instruction on the lesser-included offense of theft. To establish ineffective assistance of counsel, petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

4 - OPINION AND ORDER

"This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Under 28 U.S.C. § 2254(d)(1), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

Based on the existing record, it is unclear whether counsel actually failed to request a lesser-included-offense instruction. In his affidavit, trial counsel asserts that he thought he requested a theft instruction. Resp. Ex. 120, p. 3. Further, during the PCR proceedings, petitioner testified that he was unsure whether trial counsel requested such an instruction, because the lawyers and judge went into chambers. Resp. Ex. 117, p. 24. Nevertheless, given that the trial judge did not issue such an instruction and trial counsel made no exception to the instructions, I will assume for purposes of this petition that counsel failed to request such an instruction.

However, even if counsel failed to request a theft instruction and such failure constitutes deficient performance, petitioner cannot establish prejudice. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

5 - OPINION AND ORDER

Petitioner cites no evidence of record to suggest that the outcome of trial would have been different but for counsel's alleged deficiency. A <u>unanimous</u> jury convicted petitioner of four counts of first-degree robbery, four counts of second-degree robbery, and two counts of unlawful use of a weapon. Transcript of Proceedings (Tr.), pp. 283-85. The jury's unanimous verdict reflects its wholesale rejection of petitioner's testimony and his version of events. As respondent emphasizes, the jury could have convicted petitioner of only second-degree robbery if it felt that petitioner had to be convicted of "something." Likewise, had the jury believed petitioner's testimony that he committed theft rather than an armed robbery, it would not have found him guilty of unlawful use of a weapon during the robbery. <u>See</u> Tr., p. 270.

Accordingly, petitioner fails to establish a reasonable probability that the result of trial would have been different if counsel had requested a theft instruction. <u>See</u> <u>Lee v. Schriro</u>, 327 Fed. Appx. 699, 2009 WL 1186695 (9th Cir. May 4, 2009) ("Because the jury was instructed on robbery, yet convicted Lee of armed robbery, there is no reason to conclude that the verdict would have been different had the jury also been instructed on the even lesser offense of theft."); <u>Harris v. United States</u>, 938 F.2d 882, 883 (8th Cir. 1991) (no reasonable probability that result would have been different if jury presented with a lesser-included-offense instruction where "there was much evidence from which the jury

could infer that Harris knew Wilson intended an *armed* robbery of the bank").

In sum, petitioner fails to establish that he suffered prejudice as a result of counsel's deficient performance, or that the ruling of the PCR court was contrary to or involved an unreasonable application of Strickland.

## CONCLUSION

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (doc. 2) and petitioner's alternative request for expansion of the record are DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 2l day of October, 2009.

_____
Ann Aiken
Chief United States District Judge